United States District Court
Southern District of Texas
**ENTERED**
December 20, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL NUMBER H-92-160 |
| v. | § | CIVIL ACTION NO. H-16-1923 |
| | § | |
| RAY ANTHONY ROMAN | § | |

## MEMORANDUM OPINION AND ORDER

Defendant, Ray Anthony Roman, has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody ("Roman's § 2255 Motion") (Docket Entry No. 45),[1] to which the United States has filed a Memorandum in Response ("United States' Response") (Docket Entry No. 57).

On December 8, 1992, Roman was convicted by a jury of violating 18 U.S.C. § 922(g)(1) by possessing a firearm after having been convicted of a felony offense. (Verdict, Docket Entry No. 25) Based on his prior convictions, Roman was subject to the enhanced sentencing provisions of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). (See Presentence Investigation Report ("PSR"), Docket Entry No. 30, ¶¶ 22, 84.) Pursuant to the ACCA's enhanced sentencing provisions, Roman was subject to a 15-year mandatory minimum term of imprisonment and a maximum term of life, rather than the 10-year maximum term of imprisonment that

---

[1]Docket Entry citations are to relevant docket entries in Crim. No. 4:92-160.

would have applied had he not been subject to the ACCA. <u>Compare</u> 18 U.S.C. § 924(e)(1), <u>with</u> 18 U.S.C. § 924(a)(2).

At sentencing the court departed upward from the sentencing range of 235 to 293 months reflected in the PSR. The court based that departure on the fact that even though Roman fell within Criminal History Category VI (the highest category available), that category "under-represented his criminal past," in part because "two convictions [were] not used in determining Roman's 20 criminal-history points" and the fact that "category VI [began] with 13 criminal-history points, seven points below Roman's [total]." <u>United States v. Roman</u>, 5 F.3d 1495, *2 (5th Cir. 1993) (unpublished). "The second reason for departure was that the criminal history category failed to account for Roman's violent behavior while incarcerated, thus evidencing the likelihood of recidivist tendencies in the future." <u>Id.</u> That "violent behavior while incarcerated" included Roman's participation in the brutal gang rape of another prisoner while incarcerated at the Harris County Jail. (<u>See</u> PSR ¶¶ 36-39.) The court imposed a sentence of 360 months' imprisonment. (Judgment in a Criminal Case ("Judgment"), Docket Entry No. 38) <u>Roman</u>, 5 F.3d at 1495. The Fifth Circuit affirmed that sentence in an unpublished opinion issued on September 24, 1993. <u>Id.</u>

In his § 2255 Motion Roman asserts that "[he] was erroneously enhanced pursuant to 18 U.S.C. § 924(e)" and that "[t]he prior convictions employed as 'violent felonies' to enhance [his]

-2-

sentence do not meet the criteria for predicate crimes in order to trigger the mandatory minimum sentence increasment [sic] proscribed by The Armed Career Criminal Act." (Roman's § 2255 Motion, Docket Entry No. 45, p. 4) Roman further states that "[t]he ground raised [in his motion] is based upon a new substantive rule with retroactive effect." (Id. at 5.) In his Memorandum in Support of Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence ("Roman's Memorandum") (Docket Entry No. 53) Roman argues that he is entitled to relief based on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). (Roman's Memorandum, Docket Entry No. 53, p. 3)

In Johnson the Supreme Court held that the residual clause definition of "violent felony" in the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. Johnson, 135 S. Ct. at 2563. In Welch v. United States, 136 S. Ct. 1257, 1268 (2016), the Court held that Johnson applies retroactively to cases on collateral review.

The ACCA provides in relevant part that a person who possesses a gun in violation of 18 U.S.C. § 922(g) after sustaining three prior convictions for a "violent felony" or a "serious drug offense" faces higher mandatory minimum and maximum sentences than would otherwise apply. 18 U.S.C. § 924(e). The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that

>     (i)  has as an element the use, attempted use, or
>          threatened use of physical force against the person
>          of another; or
>
>     (ii) is burglary, arson, or extortion, involves use of
>          explosives, <u>or otherwise involves conduct that
>          presents a serious potential risk of physical
>          injury to another</u>. . . .   (emphasis added)

Id. at B(i) and (ii). The underscored clause is referred to as the "residual clause."

In <u>Johnson</u> the Supreme Court held that the ACCA's residual clause is unconstitutionally vague. <u>Johnson</u>, 135 S. Ct. at 2563. The Court explicitly stated that its holding "d[id] not call into question . . . the remainder of the Act's definition of a violent felony." <u>Id.</u> Although the Court's holding in <u>Johnson</u> applies to cases on collateral review, it has no effect on Roman's sentence because none of his four predicate offenses fall within the "residual clause of the ACCA." Instead, as explained below, they constitute a "serious drug offense" (delivery of a controlled substance), "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another" (robbery and aggravated sexual abuse), or are enumerated violent felonies (burglary). <u>See</u> 18 U.S.C. § 924(e)(2)(B).

The ACCA defines the term "serious drug offense" to mean, <u>inter alia</u>, "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18

U.S.C. § 924(e)(2)(A)(ii). On June 12, 1989, Roman pled guilty to "intentionally and knowingly deliver[ing] a controlled substance, namely cocaine," in violation of Texas law, and was sentenced to 15 years in prison. (Judgment on Plea of Guilty or Nolo Contendere, in <u>State of Texas v. Ray Anthony Roman</u>, Case No. 512258, in the 230th District Court of Harris County, Texas, Exhibit B to United States' Response, Docket Entry No. 57-2) The Fifth Circuit has held in analyzing a later version of the Texas delivery of a controlled substance statute that this offense is a "serious drug offense" under the ACCA. <u>United States v. Vickers</u>, 540 F.3d 356, 365-66 (5th Cir. 2008).

Roman's convictions for (1) robbery, (2) aggravated sexual abuse, and (3) burglary also constitute "violent felony" offenses because the first two crimes "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another"; and the third constitutes the enumerated "violent felony" of "burglary." 18 U.S.C. § 924(e)(2)(B)(i)-(ii).

Section 29.02 of the Texas Penal Code, which defines the crime of "robbery," states that a person "commits an offense if, in the course of committing theft . . . and with intent to obtain or maintain control of the property, he:

(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

(2) <u>intentionally or knowingly threatens or places another in fear of imminent bodily injury or death</u>."

Tex. Penal Code § 29.02 (emphasis added). As the Supreme Court has explained, such a statute, which "sets out one or more elements of the offense in the alternative," is known as a "divisible statute." Descamps v. United States, 133 S. Ct. 2276, 2281 (2013); see also Mathis v. United States, 136 S. Ct. 2243 (2016). When faced with the question of whether a conviction under a divisible statute constitutes a "violent felony" within the meaning of the ACCA, a sentencing court may consult a limited class of documents, such as indictments and plea agreements to determine which element was included in the offense of which defendant was convicted. Descamps, 133 S. Ct. at 2281, 2284. This "'modified categorical approach' . . . permits a court to determine which statutory phrase was the basis for the conviction." Id. at 2285 (quoting Johnson v. United States, 130 S. Ct. 1265, 1273 (2010)).

Applying the modified categorical approach to Roman's prior robbery conviction establishes that it involved the robbery statute's "threat" element, which requires "intentionally or knowingly threaten[ing] or plac[ing] another in fear of imminent bodily injury or death." Tex. Penal Code § 29.02(a)(2). Specifically, Roman's robbery indictment charged that

> on or about September 19, 1982, [Roman] did then and there unlawfully while in the course of committing theft of property owned by [victim] . . . and with intent to obtain and maintain control of the property, <u>intentionally and knowingly threaten and place</u> [victim] <u>in fear of imminent bodily injury and death</u>, by using and exhibiting a deadly weapon, namely, a knife.

(Indictment-Aggravated Robbery, Exhibit C to United States' Response, Docket Entry No. 57-3) Although the indictment charged Roman with aggravated robbery based on his use of a deadly weapon, Roman pleaded guilty to the lesser-included offense of simple robbery contained within the indictment.² (See Judgment-Robbery, Exhibit D to United States' Response, Docket Entry No. 57-4.)

Since Roman's robbery conviction was based on the Texas robbery statute's "threat" element, which criminalizes thefts in which the defendant "intentionally or knowingly threatens or places another in fear of imminent bodily injury or death," Tex. Penal Code § 29.02(a)(2), the statute requires "the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 94(e)(2)(B)(i). Roman argues that "[t]here are myriad threats that can be made that do not even remotely involve 'the person of another' . . . such as threatening to inflict harm to pets, or to destroy physical property." (Roman's Memorandum, Docket Entry No. 53-1, p. 6) But the "threat" element of the Texas robbery statute requires proof that a defendant threatened or

---

²Under Texas law a person commits "aggravated robbery" if "he commits robbery as defined in Section 29.02, and he: (1) causes serious bodily injury to another; (2) uses or exhibits a deadly weapon; or (3) causes bodily injury to another person or threatens or places another person in fear of imminent bodily injury or death, if the other person is: (A) 65 years of age or older; or (B) a disabled person." Tex. Penal Code § 29.03(a). Roman's plea of guilty to the lesser included charge of simple robbery, thus, had the de facto effect of removing the element of the offense that Roman committed the offense "by using and exhibiting a deadly weapon, namely, a knife."

placed <u>another</u> "in fear of imminent bodily injury or death." Tex. Penal Code § 29.02(a)(2). The hypothetical threats that Roman posits regarding pets or property would not satisfy the "threat" element of the Texas robbery statute. The court concludes that the plain language of the "threat" element of the Texas robbery statute establishes that Roman's robbery conviction was a "violent felony" for purposes of the ACCA.

As reflected in the Aggravated Sexual Abuse Indictment and Judgment, Exhibits E and F to United States' Response, Docket Entry Nos. 57-5 and 57-6, Roman pleaded guilty to the crime of aggravated sexual abuse under Texas law. (<u>See also</u> PSR, Docket Entry No. 30, ¶ 36.) The indictment charged that on or about January 16, 1983, Roman

> by force and threats to and without the consent of [victim] . . . [did] have deviate sexual intercourse with [victim] by placing his penis in the mouth of [victim] and in the course of the same criminal episode [Roman] did <u>intentionally and knowingly use and exhibit a deadly weapon, namely, A RAZOR BLADE</u>.[3]

(Indictment-Aggravated Sexual Abuse, Exhibit E to United States' Response, Docket Entry No. 57-5 (emphasis added)) Roman and another inmate forced a third inmate (the victim) to perform oral sex on them before Roman beat the victim, called several other inmates into the victim's cellblock to rape the victim, and further sexually assaulted the victim with a toilet brush. (PSR, Docket Entry No. 30, ¶¶ 36-39)

---

[3]A razor blade is a deadly weapon. Tex. Penal Code § 1.07(a)(17).

Although Roman's indictment does not include a statutory citation, at the time of his conviction Section 21.04 of the Texas Penal Code defined the crime of "Sexual Abuse" and Section 21.05 defined "Aggravated Sexual Abuse." Tex. Penal Code §§ 21.04, 21.05 (Repealed by Acts 1983, 68th Leg., ch. 977, § 12, eff. Sept. 1, 1983). The crime of sexual abuse consisted, in relevant part, of "engag[ing] in deviate sexual intercourse" with another person "without the other person's consent." Aggravated sexual abuse, pursuant to Section 21.05 — the crime of which Roman was convicted — consisted, in relevant part, of "commit[ting] sexual abuse as defined in Section 21.04" and "by acts, words, or deeds plac[ing] the victim in fear of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone" or "us[ing] or exhibit[ing] a deadly weapon in the course of the same criminal episode; . . ." Tex. Penal Code § 21.05(a)(2) and (4) (1981).

In addressing the language of the predecessor Texas statute regarding aggravated sexual offenses, the Texas Court of Criminal Appeals held that the element of aggravation could only be satisfied by "an express, verbal threat" or "an implied threat of death or serious bodily injury," such as where a "gun or a knife was used. . . ."[4] Rucker v. State, 599 S.W.2d 581, 582 (Tex. Crim.

---

[4]The prior version of the statute provided that a defendant committed aggravated sexual abuse if he committed sexual abuse and "'[compelled] submission to the [sexual abuse] by threat of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone." Nichols v. State, 692 S.W.2d 178, 180 (Tex. App. -- Waco 1985, pet. ref'd) (discussing amendment of substantially identical provisions of Texas aggravated rape statute).

App. 1979). Addressing a conviction based on the prior statutory language for aggravated sexual offenses, the Fifth Circuit held that "the offense of aggravated rape . . . require[s] proof of the use or threat of physical force" and therefore qualifies as a "violent felony" under the ACCA. United States v. Martinez, 962 F.2d 1161, 1168-69 (5th Cir. 1992).

The Fifth Circuit has held in other contexts that the use of a deadly weapon constitutes intentional use of physical force. For example, in United States v. Velasco, 465 F.3d 633, 640-41 (5th Cir. 2006), the court held that a criminal offense that requires the "use" of a deadly weapon (as opposed to mere possession) to cause bodily injury has as an element the use of physical force against the person of another. The court explained that in order to use a deadly weapon to cause bodily injury, "one must, at the very least, threaten the use of physical force." Id. The Fifth Circuit has also noted that "a person who intends to, and does, place another in fear of imminent physical injury by displaying what appears to be a deadly weapon has communicated an intent to inflict physical harm and, thus, threatened the use of force." United States v. Ovalle-Chun, 815 F.3d 222, 227 (5th Cir. 2016).

Accordingly, the court concludes that Roman's prior conviction for aggravated sexual abuse constitutes a "violent felony" under the ACCA because it "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

The ACCA's definition of the term "violent felony" includes the crime of "burglary." 18 U.S.C. § 924(e)(2)(B)(ii). In determining whether a particular conviction constitutes the enumerated "violent felony" offense of "burglary" for purposes of the ACCA, a court must compare the elements of the offenses of conviction to the "generic, contemporary meaning of burglary". . . Taylor v. United States, 110 S. Ct. 2143, 2158 (1990). In determining the generic, contemporary meaning of the crime of "burglary," the Supreme Court "conclude[d] that a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Id.

The Texas burglary statute under which Roman was convicted, Section 30.02(a) of the Texas Penal Code, defines burglary as follows:

> (a) A person commits an offense if, without the effective consent of the owner, the person:
>
> > (1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault; or
> >
> > (2) remains concealed, with intent to commit a felony, theft, or an assault, in a building or habitation; or
> >
> > (3) enters a building or habitation and commits or attempts to commit a felony, theft, or an assault.

Tex. Penal Code § 30.02(a).

The Fifth Circuit has examined the alternative elements of burglary under Texas law and has held that the offense of burglary under Section 30.02(a)(1) constitutes the generic offense of "burglary," while a conviction under the alternative element set forth at Section 30.02(a)(3) does not. See United States v. Constante, 544 F.3d 584 (5th Cir. 2008). The court reasoned that a conviction under § 30.02(a)(1) expressly requires that the entry to the building or habitation be made "with the intent to commit a crime," while "§ 30.02(a)(3) lacks such an intent requirement" and thus does not qualify as the generic burglary offense. United States v. Conde-Castaneda, 753 F.3d 172, 176 (5th Cir. 2014). Accord, United States v. Silva, 957 F.2d 157, 162 (5th Cir. 1992). The court held that "§ 30.02(a) is a divisible statute [because] one alternative matches an element in the generic offense [of burglary of a dwelling], but the other does not." Conde-Castaneda, 753 F.3d at 176 (citing Descamps, 133 S. Ct. at 2281 (internal quotation omitted)). The Fifth Circuit recently reaffirmed that the Texas burglary statute remains a divisible statute after the Supreme Court's decision in Mathis, 136 S. Ct. at 2243. United States v. Uribe, No. 15-51223, 2016 WL 5724779, at *2 (5th Cir. Oct. 3, 2016).

Roman was convicted in 1983 of burglary of a building under Texas law. (PSR, Docket Entry No. 30, ¶ 28) The indictment charged, in relevant part, that "on or about September 7, 1982, [Roman] did then and there unlawfully with intent to commit theft

-12-

enter a building not then open to the public." (Indictment-Burglary of Building, Exhibit G to United States' Response, Docket Entry No. 57-7 (emphasis added)) Although the indictment does not cite a particular statutory subsection, its language reflects that Roman was charged with violating § 30.02(a)(1). The judgment reflects that Roman was convicted of "burglary of a building with intent to commit theft" -- the charge in the indictment. (See Judgment-Burglary of Building, Exhibit H to United States' Response, Docket Entry No. 57-8.) The conviction therefore constitutes the generic offense of "burglary" because it requires that the defendant's unlawful entry be made <u>with the intent to commit a felony, theft</u>. Because Roman's burglary conviction under Texas law constitutes the enumerated "violent felony" of "burglary," <u>Johnson</u> has no effect upon its classification as a predicate offense under the ACCA.

Roman seeks to avoid the classification of his burglary conviction as the enumerated offense of "burglary" by arguing that the Texas burglary statute is not divisible and that it is overbroad because the definition of habitation includes unlawful entry into certain vehicles even though Roman was convicted of burglary of a <u>building</u>. (<u>See</u> Roman's Memorandum, Docket Entry No. 53-1, p. 12.) Roman's arguments, however, are foreclosed by the Fifth Circuit authority cited above.

Although three violent felonies will suffice for an ACCA enhancement, all four of Roman's prior convictions are violent

felonies under the ACCA. Because Roman's § 2255 Motion does not entitle him to relief, his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Docket Entry No. 45) is **DENIED**.

**SIGNED** at Houston, Texas, on this 20th day of December, 2016.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE